## ATHERTON *vs.* GILMORE.

In cases of the commitment of a prisoner to gaol, a true and attested copy of the precept on which the arrest was made should be delivered to the gaoler, to show the authority by which the prisoner is detained in custody.

It should appear, by the officer's return on the precept, that such copy was left with the gaoler. Where, however, the officer returns that he has committed a prisoner to gaol, it will be presumed that the commitment is in conformity to law, and the return will either be conclusive on this point, or at least *prima facie* evidence, until contradicted.

In all cases of the delivery of a prisoner from one officer to another, the original precept, or a certified copy, should be delivered to the officer receiving the prisoner, with the proper return thereon.

Where a declaration for an escape from prison alleged generally an arrest and commitment of the prisoner, without averring that a copy of the writ was left with the gaoler, or giving the name of the gaoler, except that the sheriff was keeper of the prison, *held*, on motion in arrest of judgment, that the declaration was sufficient.

CASE for the escape of one David Peavey, committed on mesne process.

To show the arrest, the plaintiff introduced the original writ, with the return of the officer thereon, which stated that he had arrested the body of said Peavey, and committed him within the gaol in said county, and had left with the keeper

thereof a copy of his return; but did not set forth that he had left a copy of the writ.

To this evidence the defendant objected, that it did not appear that a copy of the writ was left with the gaoler. The plaintiff then produced a copy of the writ, from the files of the gaoler, and proved by the officer who served the writ, that he left said copy at the time he committed said Peavey. The copy of the return on the copy of the writ was a transcript of the return on the writ. To the admission of this evidence, and the testimony of the officer, the defendant objected. It further appeared, that the plaintiff recovered judgment in his said action, at October term, 1836, upon which execution issued, and was returned *non est inventus;* and it was admitted that said Peavey escaped from the gaol on the 14th of July, 1836.

Upon other evidence in the case, it was submitted to the jury to find whether the escape was by reason of the insufficiency of the gaol, or the negligence of the gaoler; and what damages the plaintiff had sustained by reason of the escape; and the jury having found that the said Peavey escaped from the negligence of the gaoler, and assessed nominal damages, a verdict was taken for the plaintiff, on the second count, which the defendant moved to set aside, because the court permitted the officer who arrested the judgment debtor, and committed him to gaol on mesne process, to identify a certain paper alleged to have been delivered by him to the gaoler at the time of said commitment, and which purported to have been a copy of said mesne process; when, by his official return on said mesne process, it did not appear that such copy was left.

The defendant also moves in arrest of judgment,

1. Because there is not, in the plaintiff's declaration, any averment that a copy of the process, by virtue of which the judgment debtor was committed to gaol, was delivered at the time of such commitment, or after, to the gaoler.

2. Because there is not, in the count upon which the ver-

dict is founded, any mention made of the name of the gaoler for whose default the defendant is now attempted to be charged.

*Leland*, for the plaintiff.

*Gilchrist*, and *Hubbard*, for the defendant.

Upham, J.    In this case the sheriff is sued to recover damages for the escape of a prisoner committed to gaol on mesne process.

The jury have found, by their verdict, that the escape was suffered in consequence of the negligence of the gaoler; but their verdict was based upon the presumption that there had been a legal commitment of the prisoner, which the defendant denies, for the reason that it does not appear by the officer's return that a copy of the process on which the prisoner was under arrest, was delivered to the gaoler; and, therefore, the gaoler could not legally detain him in custody.

No statute requires such a return to be made, or such a copy to be left.    The only provisions upon this subject are to be found in the general duty imposed on the sheriff, of serving and executing, within his county, all writs and precepts to him directed, issuing from lawful authority.    *Laws N. H.* 528.

The specific duty of the officer is ordinarily left to the command of the precept committed to him for service; and this command, in case of writs of mesne process, is, to take the body of the defendant, if found in his precinct, and him safely keep, to be had at the court to be holden at some time and place named in the writ; and that the sheriff return his writ, with his doings therein.    Under this command, the officer is compelled either to receive bail or to commit the prisoner to the gaol in the county.    The particular mode of service of the process is not prescribed.

It necessarily results, however, from the delivery of a pris-

oner from one officer to another, that there should pass with the prisoner some precept, or copy of a precept, as the authority by which such custody is to be sustained. No officer is permitted to hold another in arrest, except on process of some kind. In cases of surrender by bail of his principal in court, the uniform practice is to require the bail to furnish to the officer a certified copy of the original writ, before directing the officer to receive the principal; and the same provision is required by statute where the bail surrenders his principal to the custody of the gaoler. *Laws N. H.* 497.

In all cases, an officer should have sufficient process to justify himself, so that if an *habeas corpus* should issue, he should be able to cause it fully to appear on what ground the prisoner is detained in custody.

We have no hesitation, therefore, in holding that a copy of process should be left with the gaoler, in every commitment; and, undoubtedly, the ordinary return made by the officer upon such copy, is the most proper return as a matter of form. But the question for consideration is, whether the return and copy, as proved to be left in this case, do not constitute a sufficient ground for a detention of the prisoner by the gaoler, and not whether a different return might, as a matter of form, have been more properly conceived, or have been more technically accurate.

The return upon the writ alleges that the officer served the within writ by arresting the body of said Peavey, and committing him within the gaol in said county, and that he left with the keeper a copy of his return; and this return is found to have been made upon a copy of the writ bearing the attestation of the officer.

The question then arises, whether this return shows such a commitment as to be sufficient to justify the gaoler for the detention of the prisoner. If so, he would be liable for his escape.

It is apparent, that the return on the writ would ordinarily be very defective, except in connection with the writ itself,

and by reference to it. In this manner the writ becomes part and parcel of the return. Thus the return in this case reads, " then served the within writ, by arresting the body of said Peavey ;" and farther recites, that, after his commitment, a copy of the return of the writ was left with the gaoler.

A perfect and intelligible return left with the gaoler would, therefore, include a copy of the writ ; but the fact that such copy made a part of the service, should appear in the return itself. Long and established practice requires this, and it should not now be left to mere inference.

But, in this case, the return left with the gaoler is produced, made upon a true and attested copy of the writ ; and it is not left to mere inference as to what constituted the return of the officer, but the fact is shown that the return included a copy of the writ. No farther evidence was necessary on this point ; and the testimony of the officer, therefore, was immaterial. Had this been otherwise, it is very questionable whether the officer stood in such a relation to this suit as to be rejected on account of interest ; but it becomes unnecessary to determine this question. From the facts as shown, independent of his testimony, we are satisfied that the delivery of the prisoner to the gaoler was accompanied with such evidence of a due commitment, as to justify the detention of the prisoner by the gaoler ; and, if so, it would render him liable for an escape through his negligence.

There is another view of the case which we consider may be sustained ; and that is, that on suit against the gaoler for negligently permitting an escape, the officer's return of the commitment of the prisoner is conclusive evidence on this point, and can only be contradicted in a suit for a false return. It is, at least, *prima facie* evidence that the due forms of a commitment were properly observed, and that a copy of the writ was left as part of the return, in conformity to the practice and the rule of law upon the subject. In either event there is sufficient evidence of a commitment.

The only remaining questions in the case are the motions in arrest of judgment.

An exception has been taken, that the name of the keeper of the gaol is not specified in the declaration; but in both counts it is alleged that the defendant, as sheriff, is keeper of the gaol, which we deem sufficient.

It is also objected, that there is not, in the plaintiff's declaration, any *averment* that a copy of the process on which the debtor was committed was delivered to the gaoler at the time of the commitment.

The declaration alleges an arrest, and a commitment to gaol; and after verdict, where a commitment has been alleged, such allegation will be considered as including all facts necessary to make a legal commitment. It might have been more specific, but it is too late now to take the exception, and the general allegation will be sufficient.

We are of opinion, therefore, that there be

*Judgment on the verdict.*